IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS

      Plaintiff,                            No. CIV S-09-1301 MCE GGH P

   vs.

MIKE MCDONALD, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff, who appears to have subsequently recognized the fact, has filed his civil rights complaint on a petition form for a 28 U.S.C. § 2254 writ of habeas corpus and has asked that if the form he used was incorrect that the case not be filed but the appropriate form sent. Docket # 3. However, the form had been previously filed by the Clerk of the Court in order to open this case. Plaintiff alleges on the form that three doctors at Deuel Vocational Institution - Tracy (DVI) prescribed immediate Interferon/Ribavirin therapy, but that DVI Chief Medical Officer Dr. Michael Fox "vetoed treatment." Form, p. 4. He contends that thereafter he was transferred to High Desert State Prison (HDSP), and his 602 appeals for treatment were granted at the first and second levels, rendering his appeal to the Director's Level moot, but that he still has received no treatment. Id.

Other than referencing Dr. Fox, plaintiff does not name any individuals whom he might seek to name as defendants. This is most likely due to plaintiff's use of the incorrect form to set forth his complaint. In any event, this filing in its present form violates Rule 8 of the Federal Code of Civil Procedure in that, by failing to identify defendants, it does not contain sufficient allegations to put defendants fairly on notice. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). The petition/complaint will be dismissed but plaintiff will be granted leave to amend on the appropriate form.

\\\\\

1    Plaintiff has also, subsequent to filing his petition form, asked how he should go
2 about seeking preliminary injunctive relief.  Should plaintiff seek to proceed on amended
3 complaint using the appropriate civil rights complaint form for an action under 42 U.S.C. § 1983,
4 wherein plaintiff must identify the individuals he seeks to sue as well set forth how these
5 individuals have deprived him of a constitutional right and the form of relief he seeks, he may
6 seek preliminary injunction relief by the filing of a separate motion with supporting
7 documentation, such as exhibits and an affidavit with sufficient specificity for the court to
8 determine whether such relief is warranted and against whom any injunction should issue.

9    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
12 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
13 there is some affirmative link or connection between a defendant's actions and the claimed
14 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
15 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
16 vague and conclusory allegations of official participation in civil rights violations are not
17 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to provide plaintiff with the appropriate form for the filing of a 42 U.S.C. § 1983 civil rights action by a prisoner in this district; and

4. The petition/complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: July 14, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
coats1301.bnf