IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,

    Plaintiff,                               No. CIV S-09-1301 MCE GGH P

    vs.

MIKE MCDONALD, et al.,            <u>ORDER</u> &

    Defendants.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are a motion to dismiss, filed on February 16, 2010, by defendants Fox and Miranda in which defendants Swingle and Nepomuceno seek to join by notice filed on March 2, 2010. Plaintiff filed an opposition to the notice on March 11, 2010, but provided no reason or argument whatever for the court not to permit defendants Swingle and Nepomuceno to join the motion. The motion to join is therefore granted. Plaintiff filed his opposition to the motion to dismiss as to defendants Fox and Miranda on March 15, 2010.

<u>Plaintiff's Allegations</u>

        Plaintiff filed this case on the form for a habeas petition on May 11, 2009. By order, filed on July 14, 2010, plaintiff's allegations, wherein he named only Dr. Fox as a

1

1   defendant but also made claims of inadequate medical care implicating unnamed defendants,
2   were found to be violative of Fed. R. Civ. P. 8, and plaintiff was given leave to amend on the
3   appropriate form. Plaintiff filed an amended complaint on August 13, 2009, which the court
4   found appropriate for service, by order filed on August 31, 2010, upon defendants Michael Fox,
5   Chief Medical Officer (CMO) Deuel Vocational Institution (DVI); Dorothy Swingle, CMO at
6   High Desert State Prison (HDSP); Dr. Nepomuceno and Physician's Assistant Raphael Miranda.

7   Plaintiff alleges on May 30, 2008, while he was housed at DVI, he was examined
8   via Tele-Med by a Dr. Gregory Melchor, a professor of medicine from U.C. Davis Medical
9   School; blood tests revealed that plaintiff had two strains of the Hepatitis-C virus. Amended
10  Complaint (AC), p. 3. Dr. Melchor ordered immediate treatment of Interferon and Ribavirin,
11  which was never administered. Id.

12  Thereafter, on June 10, 2008, plaintiff was taken to Manteca where he was
13  examined by a gastroenterologist named Dr. Tran, who agreed that plaintiff's treatment with
14  Inteferon and Ribavirin should begin immediately, but defendant Fox vetoed the treatment again
15  without explanation. AC, p. 4. On October 3, 2008, plaintiff was set up for a Tele-Med
16  interview/exam again, this time to UCSF to the CDCR head physician, Dr. Joanne Imperial, who
17  ordered immediate treatment with Ribavirin to begin "stat," but once again, for a third time,
18  defendant Fox nixed the treatment. Id.

19  After nearly two months of repeated sick-call requests, plaintiff was informed that
20  he would not be treated at DVI, after which he contacted the Prison Law Office in San Quentin
21  for help. AC, p. 4. They sent a letter to the CMO at DVI (presumably defendant Fox), setting
22  forth two options: that the Interferon treatment begin immediately (at DVI) or that plaintiff be
23  sent to a mainline prison to begin the Interferon treatment immediately. Id. CDCR opted to send
24  plaintiff to HDSP by special medical transport on January 27, 2009. Id. at 4-5.

25  Despite plaintiff's reiterating to all medical personnel, including defendant
26  Miranda, that his Interferon and Ribavirin treatment should be started immediately, and despite

his having filed several 602 inmate appeals which were granted, no treatment was administered. AC, p. 5. Plaintiff sent personal notices to defendants Swingle and Nepomuceno at HDSP, all to no avail. Id. Although plaintiff kept requesting to see a doctor on CDCR 7362 sick call forms, he was repeatedly called to medical by defendant Miranda, a physician's assistant, who kept telling plaintiff that he was scheduled for the Hep-C clinic without further explanation even though plaintiff told him the story of Dr. Imperial's prescription orders and asked him to refer to her on April 7, 2009 and in June 2009. Id. Plaintiff adds "I attached the 602's and evidence supporting my claims to the original complaint...." Id. Plaintiff seeks money damages for the fourteen-month period that the medical treatment was withheld, saying that defendants had notice from December 12, 2007, although plaintiff begins in this complaint with allegations dating from May 30, 2008. Id. at 3.

<u>Motion to Dismiss</u>

      Defendants move for dismissal of defendants Fox and Miranda in which defendants Swingle and Nepomuceno join on the grounds that plaintiff failed to exhaust administrative remedies pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure. Motion to Dismiss (MTD), pp. 1-15; Joinder, pp.1-2. In the alternative, defendants Swingle, Nepomuceno and Miranda move for their dismissal under the doctrine of res judicata on the ground that a final judgment has previously been entered in their favor in Case No. CIV-S-09-1300 CMK P. Id. In a final alternative, defendants Swingle, Nepomuceno and Miranda move for their dismissal on the ground that plaintiff has failed to state a claim against them under Fed. R. Civ. P. 12(b)(6). Id.

      Defendants point out that plaintiff filed two separate actions concerning the same claims and defendants. MTD, Docket # 22-1, p. 4. Defendants, on February 16, 2010, requested that the court take judicial notice of the prior complaint, <u>Coates v. Fox, et al.</u>,[1] Case No. CIV-S-

---

[1] Plaintiff's last name appears to be spelled as "Coats," apparently inadvertently misspelled with an added "e" in CIV-S-09-1300 CMK P.

09-1300 CMK P, including specifically, the May 11, 2009, original complaint (with attached exhibits in that case), the screening order filed on October 28, 2009, and the December 14, 2009 order dismissing defendants Moore, McDonald, Swingle, Nepomuceno from that action and directing that the action proceed only as to defendant Fox.  A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  Therefore, the court grants defendants' request for judicial notice of Case No. CIV-S-09-1300 CMK P and the documents from that case.

The reference plaintiff makes within the instant action to the "original complaint" (AC, p. 5) is plainly not to the complaint initially filed in this action on a petition form because the only attachment thereto is the copy of one first level appeal response (Log no. DVI-15-08-17445), signed on Jan. 16, 2009, wherein plaintiff apparently requested immediately starting his Interferon and Ribavirin treatment, which is deemed fully granted.  It is patently obvious that by the "original complaint," plaintiff means the action under 42 U.S.C. § 1983 that he filed, entitled Coates v. Fox, et al, and denominated Case No. CIV-S-09-1300 CMK P.  That action, filed on a civil rights complaint form, is numbered sequentially as the case before this one, CIV-S-1300, and was filed on the same day as this case, on May 11, 2009.  To that filing is attached, inter alia, copies of a number of plaintiff's 602 appeals and responses, copies of medical reports, a copy of a government claim form to the California Victim Compensation and Government Claims Board, a copy of a reasonable modification and accommodation request form (CDC 1824).  Within that complaint, plaintiff makes essentially the same allegations against the same defendants at issue herein, contending that, inter alia, defendant Fox has vetoed his Interferon/Ribavirin treatment despite the orders of Drs. Melchor and Imperial, as was claimed in the amended complaint underlying this action.  MTD, Request for Judicial Notice, Exhibit A, complaint in Case No. 09-CIV-S-09-1300 CMK P, doc. # 23-1, pp. 5-6.  Plaintiff also contends that defendants Swingle, Nepomuceno and Miranda have all been responsible for delaying his treatment with Interferon

and Ribavirin. Id. Therefore, on the face of it, this action is entirely duplicative of CIV-S-1300 CMK P, and it certainly appears that plaintiff should not have been permitted at the outset to proceed in two separate actions on the same claims.

In the preceding action, which still proceeds against defendant Fox, plaintiff's original complaint was ordered served upon defendant Fox by order filed on October 28, 2009 (docket # 9). By separate order, filed on October 28, 2009 (docket # 10), plaintiff was directed to show cause why the claims as to the remaining defendants, including defendants Swingle, Nepumuceno and Miranda should not be dismissed for failure to state a claim. Thereafter, plaintiff failed to respond to the show cause order and Magistrate Judge Kellison, to whose jurisdiction plaintiff had consented,[2] dismissed, inter alia, these defendants. See Order, filed on December 15, 2009 (Docket # 15), in Case No. CIV-S-09-1300 CMK P.

*Res Judicata*

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir. 1995). As defendants observe, the Supreme Court has noted that "claim preclusion" and "issue preclusion" are referred to collectively as "res judicata." MTD, doc. # 22-1, p. 11, n. 6, citing Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).

The doctrine of res judicata is applicable to § 1983 actions. Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983), citing Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 84, 104 S.Ct. 892, 898 (1984); Allen v. McCurry, 449 U.S. 90, 97-98, 101 S.Ct. 411, 416-417 (1980); Piatt v. MacDougall, 773 F.2d 1032, 1034 (9th Cir. 1985) (en banc). Courts have held

---

[2] See Docket # 7. Defendant Fox also later consented to Judge Kellison's jurisdiction. Docket # 25.

that habeas proceedings can have preclusive effect in subsequent civil rights actions. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam) (holding that a federal habeas decision may have preclusive effect in a subsequent § 1983 action); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (ruling that state habeas proceedings can have issue or claim preclusive effect in subsequent § 1983 actions).

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121 S.Ct. 1808.

Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. at 2171.

A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct not alleged in the prior action, by pleading a new legal theory, or by seeking a different remedy for violation of the same primary right. McClain v. Apodaca, 793 F.2d 1031, 1033-34 (9th Cir. 1986). Cf. Hiser v. Franklin, 94 F.3d, 1287, 1291(1996) (the prisoner's claims were not precluded because they did not accrue until two years after the settlement agreement that concluded a prior class action). Claim preclusion applies where a § 1983 action implicates the same "primary rights" as those raised in a prior proceeding. Clark, 785 F.2d at 786. The focus is on the legal harm for which the plaintiff seeks redress in his second action. McClain, 793 F.2d at 1034.

> By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Taylor, 553 U.S. 880, 128 S. Ct. at 2171.

The Ninth Circuit has identified four factors that should be considered by a court

6

in determining whether successive lawsuits involve the same cause of action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two actions;
> (3) whether the two suits involve infringement of the same right; and
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co., 832 F.2d 1097, 1100 (9th Cir. 1987); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982); Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980) (per curiam). The fourth of these factors has been cited by some courts as the most important. See Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005), citing Costantini, 681 F.2d at 1201-02; see also, C.D. Anderson & Co., 832 F.2d at 1100. However, "[n]o single criterion can decide every res judicata question; identity of causes of action 'cannot be determined precisely by mechanistic application of a simple test.'" Costantini, 681 F.2d at 1202 n.7 (quoting Abramson v. Univ. of Haw., 594 F.2d 202, 206 (9th Cir. 1979)). "'The crucial element underlying all of the standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action.'" Harris, 621 F.2d at 343 (quoting Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977)).

Plaintiff in his opposition expressly stipulates to defendants' contention that he has a previous lawsuit pending in the Eastern District regarding "the same defendants and the same allegations," concerning his having been prescribed Interferon and Ribavirin for his Hepatitis C condition which the defendants refused to provide. See Opposition (Opp.), p. 2, wherein plaintiff states that he stipulates to the relevant lines in defendants' motion that argue this as a fact. Plaintiff does thereafter attempt to distinguish the two actions, although again conceding that "the issue is the same" in both actions. Id. He contends that in Case No. CIV-S-09-1300, he proceeds only against defendant Fox at DVI, while in the instant action, the

defendants are located at HDSP. Id. This, however, totally disregards that in Case No. 09-1300, plaintiff initially proceeded against defendants at both DVI and HDSP. Plaintiff appears not to understand the doctrine of res judicata when he contends that res judicata should apply to defendants Miranda, Swingle in Nepomuceno in Case No. 09-1300, but not in 09-1301. Opp., p. 3. As noted, both actions were initiated in this court on the same day and it is precisely because these same defendants, Miranda, Swingle in Nepomuceno, on the admittedly same issue were dismissed in the prior action that res judicata applies with respect to them and should preclude plaintiff from proceeding against them in this action. All four factors for finding claim preclusion favor defendants. Plaintiff failed to take the opportunity he was afforded in the prior case to flesh out his claims against these defendants and he cannot now simply proceed against them on claims that arise from the same nucleus of operative fact in a subsequent action. As defendants argue, a dismissal under Fed. Civ. R. P. 12(b)(6) (when such a dismissal is made without leave to amend) is a judgment on the merits to which the doctrine of res judicate applies. MTD, doc. # 22-1, p. 12, citing Fed. R. Civ. 41(b)[3]; Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3, 101 S. Ct. 2424 (1981). The undersigned finds that the motion to dismiss defendants Miranda, Swingle in Nepomuceno from this action because the claims against them are res judicata should be granted.

As to defendant Fox, plaintiff still proceeds against him, in Case No. CIV-S-09-1300 CMK P, on the same allegations set forth within the instant complaint. Thus, to permit plaintiff to proceed against this same defendant on duplicative claims within this case would not be appropriate. Adams v. California Dept. of Health Services, 487 F.3d 684, 691 (9th Cir. 2007) (dismissal of a duplicative lawsuit, more so than the issuance of a stay or enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation'"

---

[3] To the extent that the dismissal of these defendants could be construed as a failure of plaintiff to comply with a court order, such a dismissal under Fed. R. Civ. 41(b) "operates as an adjudication on the merits."

1 [internal citations omitted]).

Because the court has found that this action should be dismissed based on res judicata as to several defendants and on the ground that it is duplicative as to the remaining defendant, the court need not reach any other ground defendants have raised as a basis for dismissal.

Accordingly, IT IS ORDERED that:

1. The request for joinder in the February 16, 2010, motion to dismiss, filed on March 2, 2010 (docket # 25), by defendants Swingle and Nepomuceno, is granted; and

2. Defendants February 16, 2010 (docket # 23), request for judicial notice of Coat[]s v. Fox, Case No. CIV-S-09-1300 CMK P, is granted.

IT IS HEREBY RECOMMENDED that:

1. Defendants' February 16, 2010 (docket # 22) motion to dismiss be granted as to defendants Swingle, Nepumuceno and Miranda under the doctrine of res judicata;

2. Furthermore, the action as to defendant Fox be dismissed on the ground that this action as to him is duplicative, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/29/10                                  /s/ Gregory G. Hollows

                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009 - coat1301.mtd

9